

Email: sfeldman@mmlawus.com  
Direct: 212.880.3988  
Facsimile: 212.880.3998

1185 Avenue of the Americas  
Floor 21  
New York, NY 10036

June 7, 2021

**Via ECF**

Honorable Cathy Seibel  
The Hon. Charles L. Brieant Jr.  
Federal Building and United States Courthouse  
300 Quarropas Street  
White Plains, New York 10601-4150

    Re: *United States* **v.** *Cliphas Belfon*, **19 Cr. 375 (CS)**

Dear Judge Seibel:

  We are counsel for defendant Cliphas Belfon. Today, we received the Court's formal Judgment following Mr. Belfon's sentencing on May 27, 2021. We write to bring an error in the Judgment to the Court's attention, and ask that it be corrected pursuant to Rule 36 of the Federal Rules of Criminal Procedure.

  On page 5 of the Judgment, the Court included a Special Condition of Supervision that was not listed in the PSR, and was not announced by the Court at sentencing. That new provision states,

> You must participate in an outpatient mental health treatment program approved by the United States Probation Office. You must continue to take any prescribed medications unless otherwise instructed by the health care provider. You must contribute to the cost of services rendered based on your ability to pay and the availability of third-party payments. The Court authorizes the release of available psychological and psychiatric evaluations and reports, including the presentence investigation report, to the health care provider.

Judgment at 5.

  This provision is not applicable to Mr. Belfon. He did not participate in any mental health treatment programs while on pre-trial release, and is not taking any medications for mental health treatment. In addition, this provision was not included in the Special Conditions

listed at page 29 of the PSR, so Mr. Belfon was unaware that the Court was considering imposing such a condition and therefore could not lodge an objection.  Finally, according to my notes and recollection (we have not seen a copy of transcript yet), the Court did not impose this Special Condition at sentencing.

Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim P. 36.  *See United States* v. *Cherry*, 489 F. Supp.2d 372, 373 (S.D.N.Y. 2007) (stating that Rule 36 permits the correction of clerical errors in the transcription of judgments).

Here, based on an apparent clerical error, an additional Special Condition of Supervision was added to the Judgment that was not included in the PSR nor orally imposed by the Court at sentencing.  Accordingly, Mr. Belfon requests that the Court issue a corrected Judgment omitting this new provision.

Very truly yours,

s/ Steven D. Feldman

Steven D. Feldman

cc: All Counsel (via ECF)

Application denied.  I stated at sentencing that mental health treatment would be among the special conditions of supervised release.  I imposed that condition based on the submissions of Defendant, which (among other things) described childhood abuse and neglect that resulted in trauma and that led to his turning to the streets and idealizing criminals.  Defendant's submission stated (among other things) that he had "long history of psychiatric and neurological issues most notably: trauma, depression, inattention, hyperactivity, anxiety, and developmental and educational issues."  So it is apparent that mental health treatment would be helpful to Mr. Belfon, both in terms of reducing the chances that he will commit further crimes and in terms of his personal contentment.

SO ORDERED.

_____
CATHY SEIBEL, U.S.D.J.     6/8/21